JUDGE CARTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 7337

------------------------------------------------- X

SIDEEM MAHADI,

                  Plaintiff,

-against-

CITY OF NEW YORK, JAMES
WHITLOCK, and KATHERINE HENLEY,

                  Defendants.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

RECEIVED OCT 17 2013 U.S.D.C. S.D.N.Y. CASHIERS

------------------------------------------------- X

      Plaintiff Sideem Mahadi, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

      1.    At all times hereinafter mentioned, plaintiff was an adult male resident of Kings County, within the State of New York.

      2.    At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

      3.    At all relevant times hereinafter mentioned, defendant James Whitlock, whose shield number is believed to be 3508, was employed by the City of New York as a member of the NYPD. Whitlock is sued herein in his official and individual capacities.

      4.    At all relevant times hereinafter mentioned, defendant Katherine Henley, whose shield number is believed to be 27209, was employed by the City of New

York as a member of the NYPD. Henley is sued herein in her official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

10. On November 16, 2012, at or about 3:00 to 3:30 p.m., plaintiff was lawfully driving a vehicle in New York County near the vicinity of East 59 Street and Third Avenue.

11. There were three other people in plaintiff's vehicle. They were Matthew Wright, Donnell Wright, and Marquis Aiken.

12. Several other acquaintances were traveling in a second vehicle.

13. Plaintiff was obeying all applicable traffic rules and had not engaged in

any conduct that would permit members of law enforcement to stop his vehicle.

14. At or about the above mentioned vicinity, plaintiff observed the second vehicle being pulled over by a person the plaintiff learned to be a plainclothes police officer.

15. Moments later a female plainclothes officer, who may be defendant Katherine Henley, emerged from an unmarked police car and directed plaintiff to pull over.

16. The officers did not have a lawful basis for stopping the plaintiff's vehicle, nor was it reasonable for them to believe such cause existed.

17. Plaintiff complied. After pulling over, plaintiff waited while police searched the individuals who had been in the other car.

18. Plaintiff and his passengers were eventually removed from the vehicle and searched. Plaintiff handed one officer, who may have been defendant Whitlock, his wallet, which the officer examined and then pocketed.

19. Plaintiff was carrying his wallet, which contained his student identification card, his Citibank card, and a CUNY debit card.

20. Plaintiff did not have any gift cards in his possession, all the credit and debit cards in plaintiff's possession were in his name, and none of the cards in plaintiff's wallet were forged.

21. Plaintiff was not carrying any contraband and no contraband of any sort was found in plaintiff's vehicle.

22. Although there was no lawful basis to further detail plaintiff beyond the already unlawful initial stop and search, the defendants arrested plaintiff and his passengers,

and handcuffed and transported them to a local area police station house where they were imprisoned for hours while their arrests were processed.

23. Plaintiff was later transported to Central Booking, where he was imprisoned for many more hours.

24. The defendants' arrest and imprisonment of plaintiff was objectively unreasonable.

25. The defendants utilized overly tight handcuffs that caused plaintiff to suffer pain, and refused to loosen the handcuffs or alleviate the pain they were causing, despite his requests.

26. While plaintiff was were imprisoned by the defendants, defendant Henley completed arrest paperwork in which she expressly claimed that defendant Whitlock had advised her that he had recovered "five forged Gift Debit Cards" from plaintiff. Henley also swore that she observed these cards at some point in time and knows that they were run through a magnetic strip reader, which confirmed to her satisfaction that the cards were forged.

27. These factual allegations by Henley and Whitlock were materially false as the plaintiff did not have any "Gift Debit Cards" in his possession, nor did he have any cards in his possession that could have been reasonably mistaken for "Gift Debit Cards." Moreover, the only debit or bank cards he had (from his CUNY credit union and Citibank) were legitimate.

28. Henley forwarded these false allegations to the New York County

District Attorney ("NYDA") in order to justify the arrest and to persuade the NYDA to commence the plaintiff's criminal prosecution.

29. Henley knew and understood that the NYDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of her claims and the claims of defendant Whitlock, and assuming that all of these factual statements and claims she was relaying were truthful in all material respects.

30. As a direct result of these allegations by Henley and Whitlock, the plaintiff was criminally charged by the NYDA 2012NY087175 with seven counts of Criminal Possession of a Forged Instrument in the Second Degree under New York Penal Law 170.25, which is a felony. There were no other charges and plaintiff was not issued any summonses or tickets concerning his operation of the vehicle.

31. The NYDA declined to present the criminal case against plaintiff to the Grand Jury, and, after multiple court appearances, the case against plaintiff was dismissed and the prosecution terminated in plaintiff's favor.

32. The individual defendants intentionally and deliberately transmitted false statements to their supervising officers and the NYDA and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

33. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

34. Plaintiff repeats the allegations contained in paragraphs "1" through "33" above as though stated fully herein.

35. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

36. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

37. Defendants willfully and intentionally fabricated evidence and denied plaintiff a fair trial by falsely claiming that they recovered contraband plaintiff or that plaintiff was in possession of contraband, when they knew this to be untrue, and then forwarded these materially false factual claims to the NYDA in order to bring about and cause the criminal prosecution of the plaintiff.

38. Defendants caused plaintiff to be subjected to a malicious prosecution by causing the commencement of his prosecution through the submission of false and fabricated evidence to the NYDA.

39. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, malicious prosecution, and the deprivation of his right to a fair trial

through the use of fabricated evidence, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

40. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

41. Plaintiff repeats the allegations contained in paragraphs "1" through "40" above as though stated fully herein.

42. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized and searched, subjected to excessive force, falsely arrested and imprisoned, and subjected to malicious prosecution.

43. Defendant City of New York is therefore liable to plaintiff for the unlawful search, seizure, arrest, imprisonment, and malicious prosecution of plaintiff under the doctrine of respondeat superior.

44. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii. on the second cause of action, actual damages in an amount to be determined at trial; and

    iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv. such other relief as the Court deems just and proper.

Dated: October 12, 2013
       New York, New York

                LUMER & NEVILLE
                Attorneys for Plaintiff
                225 Broadway, Suite 2700
                New York, New York 10007
                (212) 566-5060

By: _____
Michael B. Lumer (ML-1947)